UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIM RAGLAND, : | |
| : | |
| Plaintiff, : | Civ. No. 14-0458 (RBK) (KMW) |
| : | |
| v. : | **OPINION** |
| : | |
| COMMISSIONER GARY M. LANIGAN, et al. : | |
| : | |
| Defendants. : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I.   INTRODUCTION

Plaintiff is a state prisoner currently incarcerated at the Mid State Correctional Facility in Wrightstown, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, the Court administratively terminated this case as plaintiff had not paid the filing fee nor submitted an application to proceed *in forma pauperis*. Plaintiff has since filed an application to proceed *in forma pauperis*. Therefore, the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be permitted to proceed in part.

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names four defendants in this action: (1) Commissioner Gary M. Lanigan; (2) Warden Evelyn Davis – Superintendent at Mid State Correctional Facility; (3) Ms. Quinones – Business Office Manager at Mid State Correctional Facility; and (4) Lydell Sherer – Business Superintendent Northern State Prison.

Plaintiff alleges that in October, 2013, funds were withdrawn from his prison account well beyond New Jersey statutory and Department of Corrections rules for fines and past restitution. Plaintiff filed an institutional remedy form with the prison due to these withdrawals that was denied. Plaintiff alleges defendants Davis and Quinones took his funds in violation of his equal protection and due process rights under the Fourteenth Amendment. Additionally, he claims that Lanigan knew that his subordinates at the Mid State Correctional Facility would violate plaintiff's rights under the Fourteenth Amendment by taking his funds beyond that which was permitted.

Plaintiff also alleges that Sherer withdrew funds from his prison account from 2002 to 2005 in the amount of $900.00 even though he was not incarcerated in the State of New Jersey. Plaintiff states he was serving a term in a New York prison at this time.

Plaintiff seeks monetary damages for these purported constitutional violations.

## III. STANDARD OF REVIEW

A. <u>Standard for *Sua Sponte* Dismissal</u>

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B),

seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV.   DISCUSSION

A. <u>Claims Against Lydell Sherer</u>

Plaintiff states that Lydell Sherer is the Superintendent of the business office at the Northern State Prison. He claims that Sherer withdrew $900.00 from his account from 2002 until 2005 even though he was not incarcerated in the State of New Jersey at the time. Assuming *arguendo* that such allegations give rise to a constitutional claim, the claims against this defendant will be dismissed with prejudice as they are barred by the statute of limitations.

Section 1983 claims are subject to New Jersey's two-year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *see also Owens v. Okure*, 488 U.S. 235, 240 (1989) ("42 U.S.C. § 1988 requires courts to borrow and apply to *all* § 1983 claims the one most analogous state statute of limitations.") (emphasis added) (citations omitted); *Cito v. Bridgewater*

*Twp. Police Dep't*, 892 F.2d 23, 24-25 (3d Cir. 1989) (concluding that in New Jersey, two-year statute of limitations set forth in N.J. STAT. ANN. § 2A: 14-2 applies to 42 U.S.C. § 1983 claims); *Wilson v. City of Newark*, No. 06-5219, 2008 WL 834398, at *4 (D.N.J. Mar. 27, 2008) (applying New Jersey's two-year statute of limitations for personal injury actions under N.J. Stat. Ann. § 2A: 14-2 to Section 1983 claim); *Scrutchins v. Div. of Youth and Family Servs.*, No. 05-0925, 2005 WL 3588481, at *6 (D.N.J. Dec. 29, 2005) ("[A]ll claims brought in New Jersey under 42 U.S.C. § 1983 . . . are subject to a two-year statute of limitations period.").

The date when a cause of action under § 1983 accrues is determined by federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted); *see also Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, No. 12-5441, 2013 WL 3146883, at *2 (D.N.J. June 19, 2013) "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634 (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

The alleged acts by Sherer of taking money out of plaintiff's account occurred between 2002 and 2005. Plaintiff should have known at that time then that such deductions were being taken out of his account. However, he did not file his claims against Sherer until 2014, well after the applicable two-year statute of limitations had expired. Accordingly, plaintiff's claims against Sherer are deemed barred by the statute of limitations and will be dismissed with prejudice. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) (per curiam) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is

5

obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) (per curiam) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run.").

B. Claims Against Gary M. Lanigan, Evelyn Davis & Ms. Quinones

Plaintiff raises two claims against defendants Lanigan, Davis and Quinones arising from the taking of funds from his prison account in October, 2013; specifically: (1) violation of his due process rights; and (2) violation of his equal protection rights. Both of these claims are considered in turn.

    i. *Due Process Claim*

Plaintiff alleges that his due process rights were violated by the taking of funds from his prison account in October, 2013, which includes taking funds beyond the amount prescribed by the applicable state statutes and regulations. Plaintiff has a protected property interest in the funds held in his inmate account. *See Hale v. Beard*, 168 F. App'x 532, 534 (3d Cir. 2006) (per curiam) (citing *Higgins v. Beyer*, 293 F.3d 683, 693 (3d Cir. 2002); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 421 (3d Cir. 2000)). As the United States Court of Appeals for the Third Circuit has noted, "[i]n some cases, takings of property by the State require predeprivation notice and a hearing." *See Tillman*, 221 F.3d at 421 (citations and footnote omitted). However, the Third Circuit has also noted "where the State must take quick action, or where it is impractical to provide meaningful predeprivation process, due process will be satisfied by a meaningful postdeprivation remedy." *Id.*

The petitioner in *Hale* alleged that money was withdrawn from his prison account pursuant to a Pennsylvania statute that stated that wages, salaries and commissions of individuals may be attached for restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding. *See* 168 F. App'x at 533 n. 1 (citing 42 PA. CONS. STAT. ANN. § 8127(a)(5)). In *Hale*, the District Court had dismissed the action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim after concluding that Pennsylvania provided an adequate post-deprivation remedy for the alleged wrong. *See Hale*, 168 F. App'x at 533. Ultimately, the Third Circuit vacated and remanded the District Court's decision. *See id.* at 534-35. The Third Circuit stated that it was reluctant to find without first hearing argument from the Commonwealth of Pennsylvania that "the existence of the of the Pennsylvania statute and the proceedings attendant to sentencing provide sufficient notice and an opportunity to be heard to satisfy the requirements of due process[.]" *Id.* The Third Circuit also stated more recently in another case arising out of Pennsylvania that dismissal at the Rule 12(b)(6) stage from similar facts was in error. *See Montanez v. Beard*, 344 F. App'x 833, 837 (3d Cir. 2009) (per curiam) (noting that absent the basic knowledge of current administrative procedures, the court was limited to assess the adequacy of procedural due process under the Pennsylvania statute).

The Court recognizes that *Hale and Montanez* arise from the procedural due process that was afforded Pennsylvania prisoners with respect to deductions from their prison accounts according to Pennsylvania statutes and regulations as opposed to New Jersey statutes and regulations. Furthermore, the Court is well aware of New Jersey's post-deprivation remedy for unauthorized deprivation of property by public employees through the New Jersey Tort Claims Act, N.J. STAT. ANN. § 59:1-1, *et seq*. Nevertheless, given the rulings in *Hale and Montanez*, this Court will not dismiss plaintiff's due process claim without first hearing arguments on the

7

issue. Accordingly, at this early stage of this case, this Court cannot say that plaintiff has failed to state a due process claim. Therefore, plaintiff's due process claim shall be permitted to proceed.

      ii.      *Equal Protection Claim*

Plaintiff also claims that his equal protection rights have been violated as defendants failed "to treat plaintiff like similar situated prisoners." (Dkt. No. 1 at p. 4.) "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) he is a member of a protected class; and (b) he was treated differently from similarly situated inmates. *See id*. Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Specifically, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Plaintiff does not allege that he was discriminated against based on his membership in a protected class in the complaint. Therefore, his equal protection claim can only proceed if he has sufficiently alleged facts under the "class-of-one" theory as stated in *Olech* and *Hill*.

Plaintiff's allegations fail under the *Iqbal* pleading standard to state an equal protection claim under a "class of one" theory. Plaintiff's sole allegation in the complaint with respect to

8

this claim is that he was treated differently than similarly situated prisoners. This amounts to nothing more than a thread-bare recital of the first element of stating a "class-of-one" equal protection claim without any further factual allegations. This is insufficient to state an equal protection claim. *See Perano v. Twp. of Tilden*, 423 F. App'x 234, 238-39 (3d Cir. 2011) ("Perano has simply alleged that he was treated differently from 'other similarly situated residential and commercial developers.' Without more specific factual allegations as to the allegedly similar situated parties, he has not made plausible the conclusion that those parties exist and that they are like him in all relevant aspects. Accordingly, Perano has failed to state an Equal Protection claim.") (internal citation omitted); *Mann v. Brenner*, 375 F. App'x 232, 238-39 (3d Cir. 2010) (finding that district court properly dismissed "class of one" equal protection claim where plaintiff's allegations that he was selectively and vindictively cited and prosecuted by the City in an effort to force him into cooperation with York College amounted "to nothing more than 'a formulaic recitation of the elements' of a constitutional discrimination claim.") (quoting *Iqbal*, 129 S. Ct. 1951); *Myers v. Shaffer*, No. 11-1107, 2012 WL 3614614, at *12-13 (W.D. Pa. Aug. 21, 2012) (dismissing "class of one" equal protection claim as plaintiff's allegations amounted to nothing more than a thread bare recitation of the elements needed to bring his claim).

  Additionally, even assuming *arguendo* that plaintiff sufficiently alleged that he was treated differently than those similarly situated under the *Iqbal* pleading standard, the complaint is devoid of any allegation whatsoever that there was no rational basis for this difference in treatment. Indeed, as previously stated, the sole allegation with respect to plaintiff's equal protection claim is that defendants violated his rights "by failing to treat plaintiff like similar situated prisoners." (Dkt. No. 1 at p. 4.) Thus, plaintiff also failed to allege the third prong of

stating a "class of one" equal protection claim.  Accordingly, plaintiff's equal protection claim will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## V. CONCLUSION

For the foregoing reasons, plaintiff's claims against defendant Sherer will be dismissed with prejudice.  Plaintiff's equal protection claim against the remaining defendants will be dismissed without prejudice but his due process claim will be permitted to proceed.  An appropriate order will be entered.


DATED:  June 4, 2014

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge