NOT FOR PUBLICATION (Doc. No. 33)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| Kim RAGLAND, : | |
| : | |
| Plaintiff, : | Civil No. 14-0458 (RBK/KMW) |
| : | |
| v. : | **OPINION** |
| : | |
| COMMISSIONER Gary M. LANIGAN, : | |
| SUPERINTENDENT Evelyn DAVIS, : | |
| and Debra QUINONES, : | |
| : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

This action under 42 U.S.C. § 1983 comes before the Court on Plaintiff Kim Ragland's Motion for Default Judgment (Doc. No. 33) pursuant to Federal Rules of Civil Procedure 16(f) and 55. For the following reasons, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

Plaintiff is a state prisoner who was incarcerated at the Mid State Correctional Facility in Wrightstown, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. §1983. On June 4, 2014, this Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and allowed Plaintiff's claims under Section 1983 for violation of his due process rights to proceed against (1) Commissioner Gary M. Lanigan, (2) Warden Evelyn Davis – Superintendent at Mid State Correctional Facility, and (3) Debra Quinones – Business Officer Manager at Mid State Correctional Facility (collectively, "Defendants").

1

The Clerk's Letter of November 17, 2014 instructed the parties to file their pre-trial memoranda within ninety (90) days. On February 18, 2015, Defendants requested a sixty (60) day extension of discovery. After a telephone status conference on March 13, 2015, Judge Williams extended pretrial discovery to April 30, 2015. (Doc. No. 32). On March 23, 2015, Plaintiff filed this Motion for Default Judgment.

## II. ANALYSIS

Plaintiff moves for entry of default judgment pursuant to Federal Rule of Procedure 55 for failure to defend. Plaintiff moves in the alternative for entry of default judgment as a sanction under Federal Rule of Procedure 16(f) for failure to obey a scheduling or other pretrial order.

### A. Default Judgment under Rule 55

Rule 55(a) allows a district court to enter a default when a party has failed to "otherwise defend" a lawsuit. *See* Fed. R. Civ. P. 55(a). Defendants filed an answer, a motion to take Plaintiff's deposition, and a motion for summary judgment. Because Defendants have sufficiently defended against this lawsuit, Plaintiff's Motion for Default Judgment pursuant to Rule 55 is **DENIED**.

### B. Default Judgment under Rule 16(f)

Rule 16(f) incorporates the sanctions available under Rule 37 if a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37 authorizes the entry of default judgment as a sanction. Fed. R. Civ. P. 37(b)(2)(A). In the Order of March 13, 2015, Judge Williams extended pretrial discovery to April 30, 2015. Because this Order implicitly superseded the Clerk's Letter of November 17, 2014, Defendants did not disobey a scheduling order. Rule 16(f) sanctions are not appropriate. As such, Plaintiff's Motion for Default Judgment pursuant to Rule 16(f) is **DENIED**.

## IV. CONCLUSION

       For the foregoing reasons, Plaintiff's Motion for Default Judgment is **DENIED**.

Dated:   09/24/2015                                                                                       s/ Robert B. Kugler

                                                                                       ROBERT B. KUGLER

                                                                                       United States District Judge